IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Action No. 15-cv-00455-REB
(Bankruptcy Case No. 09-34404 HRT (Chapter 7),
Adversary Proceeding No. 14-01215 HRT)

In re:

HEALTHTRIO, INC.,

    Debtor.

---

DAVID E. LEWIS, CHAPTER 7 TRUSTEE,

    Plaintiff,

v.

GLEN W. MERRICK,
G.W. MERRICK & ASSOCIATES, LLC,
ASMA GULL HASAN,

    Defendants.

---

**ORDER**

---

**Blackburn, J.**

    This matter is before me on the **Plaintiff Trustee's Motion for Withdrawal of Reference After the Completion of Discovery and Readiness for Trial** [#1],[1] filed March 3, 2015. I grant the Trustee's motion insofar as it seeks withdrawal of the reference, but deny it to the extent it seeks to delay such action until a later date and, instead, withdraw the reference contemporaneously.

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

All parties agree that the reference should be withdrawn.  However, while the Trustee asks that withdrawal occur only after the case is ready for trial, defendants Glen W. Merrick and G.W. Merrick & Associates, Inc., assert that the reference should be withdrawn promptly, rather than (as the Trustee proposes) at the completion of discovery and all pretrial proceedings.  Defendant Asma Gull Hasan also argues in favor of immediate withdrawal, but suggests that pretrial proceedings be conducted entirely in the district court, rather than on reference to the bankruptcy court.

Under 28 U.S.C. § 157(d), a district court may withdraw its reference of a case to the bankruptcy court for cause shown.  This case concerns claims asserted by the Chapter 7 Trustee against defendants as to which both the Trustee and Ms. Hasan have demanded trial to a jury.  The bankruptcy court may conduct a jury trial only when certain specific prerequisites have been satisfied.  28 U.S.C. § 157(e).  All parties concur that those prerequisites are not satisfied in this case.

However, in so doing, I am not precluded from referring pretrial matters to the bankruptcy court.  ***In re M & L Business Machine Co.,*** 159 B.R. 932, 935 (D. Colo. 1993).  Contrary to Ms. Hasan's unsubstantiated arguments, I find and conclude that the bankruptcy court is in the best position to efficiently manage discovery and pretrial matters in this case.

**THEREFORE IT IS ORDERED** as follows:

1. That the **Plaintiff Trustee's Motion for Withdrawal of Reference After the Completion of Discovery and Readiness for Trial** [#1], filed March 3, 2015, is granted in part and denied in part, as follows:

      a. That the motion is granted insofar as it seeks withdrawal of the reference; and

      b. That the motion is denied to the extent it requests that such withdrawal be postponed until the case is fully trial-ready;

2. That as to this case, the automatic referral entered under D.C.COLO.LCivR 84.1(d) is withdrawn;

3. That under 28 U.S.C. § 157, this matter is referred again to the bankruptcy court for consideration and resolution of all pretrial issues, including, *inter alia*, scheduling, discovery, non-dispositive motions, dispositive motions, and entry of a final pretrial order;

4. That on **April 14, 2015**, at **10:00 a.m.** (MDT), the parties shall contact Ms. Nel Steffens, the court's judicial assistant, by telephone at 303-335-2350 to set this matter for trial preparation conference and jury trial; provided, that counsel for the Trustee shall arrange, initiate, and coordinate the conference call necessary to facilitate the setting conference; and

5. That trial on the merits of the Trustee's claims shall proceed in the United States District Court for the District of Colorado under Civil Action No. 15-cv-00455-REB.

Dated March 30, 2015, at Denver, Colorado.

                                **BY THE COURT:**

                                Robert E. Blackburn
                                United States District Judge